UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN RAY BREWER,

    Petitioner,

v.                                              Case No: 8:12-cv-2262-T-30TGW
                                        Criminal Case Nos:   8:02-cr-143-T-30TGW
                                                                   8:03-cr-204-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

Before the Court is Petitioner's timely motion to vacate filed on October 9, 2012 pursuant to 28 U.S.C. § 2255, CV Dkt. #4, the Government's response filed on May 10, 2013, CV Dkt. #15, and Petitioner's reply filed on June 6, 2013, CV Dkt. #21. The Court has undertaken this prompt review, as required by Rule 4(b), Rules Governing Section 2255 Proceedings (2205). This Court concludes that the Petitioner waived his right to collaterally attack his sentence. Therefore, this motion must be dismissed.

## BACKGROUND

Petitioner, Steven Ray Brewer, proceeding *pro se*, is challenging his November 18, 2010 conviction and sentence for Conspiracy to Commit Wire or Mail Fraud, 18 U.S.C. § 371, Money Laundering, 18 U.S.C. § 1956(a)(1)(A), and Conspiracy to Commit Securities Fraud, 18 U.S.C. § 371. These charges stem from a North Carolina case, 8:02-Cr-143-T-30TGW, and a Florida case, 8:03-Cr-204-T-30TGW, which were consolidated for sentencing at the request of the Petitioner. Petitioner entered a plea agreement and pled guilty to these charges in February 2005. Presentence

Investigation Report ("PSR") ¶ 8. The plea agreement includes a waiver of his right to appeal directly or collaterally attack his sentence. The agreement was accepted by this Court. Doc. cr-23 at 13 (8:02-cr-143); Doc. cr-3 at 11 (8:03-cr-204).

The Petitioner then failed to appear for his 2005 sentencing hearing and remained a fugitive until 2010. PSR ¶¶ 4, 8. On November 18, 2010, after Petitioner's apprehension, this court conducted the sentencing hearing and accepted the recommendations of the United States Probation Officer over the Petitioner's objections. Those recommendations included an upward adjustment for obstruction of justice, USSG § 3C1.1, and rejection of Petitioner's argument for a downward adjustment for acceptance of responsibility. USSG § 3E1.1. The guideline range presented in the PSR and adopted by the court was 151 to 188 months in prison. PSR ¶ 97. This court sentenced the Petitioner to serve a total of 188 months in prison. This term consists of 60 months for wire fraud, 188 months for money laundering, and 60 months for securities fraud, with the terms to run concurrently. Docs. cr-64 at 2-3, cr-70 at 12-13 (8:02-cr-143); Docs. cr-51 at 2-3, cr-59 at 12-13 (8:03-cr-204). This Court also imposed three three-year terms of supervised release, with the terms to run consecutively. Docs. cr-64 at 2-3, cr-70 at 12-13 (8:02-cr-143); Docs. cr-51 at 2-3, cr-59 at 12-13 (8:03-cr-204).

Prior to the instant motion, Petitioner directly appealed his sentence to the United States Court of Appeals for the Eleventh Circuit. Appeal Nos. 10-15346-FF and 10-15466-FF. On October 6, 2011, the Eleventh Circuit granted the government's motion and dismissed the appeals based on the valid and enforceable waivers in Brewer's plea agreements. Doc. cr-69 (8:03-cr-204). Now, Petitioner seeks relief from this Court

through the instant 2255 Motion in which he primarily argues ineffective assistance of counsel.

## **RIGHT TO COLLATERALLY ATTACK SENTENCE**

The right to collaterally attack a sentence, including 2255 Motions that raise ineffective assistance of counsel, may be voluntarily and knowingly waived. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 126 S. Ct. 246 (2005). "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342. For a waiver to be valid, the district court must specifically question the defendant to ensure that he or she understands the waiver, or it must be manifestly clear from the record that the defendant understood he or she was waiving the right to appeal. *Williams*, 396 F.3d at 1342; *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

In the instant case, the petitioner signed and submitted his plea agreement, which states, in relevant part:

> . . . expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Doc. cr-77 at 54-55, 60 (8:02-cr-143); Doc. cr-65 at 54-55, 60 (8:03-cr-204).

In this plea agreement, that the Petitioner waived his right to collaterally attack his sentence, which includes the right to raise ineffective assistance of counsel in 2255

3

Motions. The Petitioner stated that he understood this when questioned by the Magistrate Judge at the rearraignment hearing:

> THE COURT: . . . you [Petitioner] can only appeal if there's an upward departure by the sentencing judge, a sentence above the statutory maximum, and a sentence that violates the law apart from the sentencing guidelines. In particular what you cannot appeal is the way the Court calculates the guidelines.
>
> THE DEFENDANT: Yes, Your Honor
>
> THE COURT: And you cannot come back to this Court at some later time either and complain about the calculation. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

Doc. cr-77 at 54-55, 60 (8:02-cr-143); Doc. cr-65 at 54-55, 60 (8:03-cr-204). The Petitioner also affirmed that he had reviewed the plea agreement with his lawyer, understood it, and had no questions about it. Doc. cr-77 at 54-55, 60 (8:02-cr-143); Doc. cr-65 at 54-55, 60 (8:03-cr-204). The Petitioner knowingly and voluntarily entered into his plea agreement and agreed to be bound by it, thus waiving his right to collaterally attack his sentence by raising ineffective assistance of counsel and other means.

The plea agreement does contain enumerated exceptions in which the Petitioner may appeal or collaterally attack his sentence. These are "for an upward departure by the sentencing judge, a sentence above the statutory maximum . . . a sentence in violation of the law apart from the sentencing guidelines . . . .", or an appeal by the government. Doc. cr-77 at 54-55, 60 (8:02-cr-143); Doc. cr-65 at 54-55, 60 (8:03-cr-204).

The Petitioner, in Ground Five of his 2255 Motion, argues that his sentence is above the statutory maximum. The Petitioner claims the statutory maximum for the

North Carolina case is 57 months and the statutory maximum for the Florida case is 60 months. This is incorrect: the statutory maximum for the North Carolina case is 60 months for mail fraud and 240 months for money laundering, and the statutory maximum for the Florida case is 60 months for securities fraud. PSR ¶¶ 94-96. Similarly, the guideline imprisonment range is 151-188 months. PSR ¶ 97. This court sentenced the Petitioner to 188 months. Docs. cr-64 at 2-3, cr-70 at 12-13 (8:02-cr-143); Docs. cr-51 at 2-3, cr-59 at 12-13 (8:03-cr-204). The Petitioner was sentenced to the maximum number of months of the guideline range; but, he was not sentenced above the statutory maximum for any of his offenses.

In Ground Two of his motion, the Petitioner argues that his sentence to consecutive terms of supervised release is plain error. Consecutive terms of supervised release are barred by U.S.C. § 3553(a)(6). *United States v. Spangler*, 224 Fed. App'x 890, 891 (11th Cir. 2007). Yet, an error in sentencing is an issue that must be raised on direct appeal and not through a 2255 Motion. *King v. United States*, 419 Fed.Appx. 927, 927 (11th Cir. 2011) (holding that a prisoner who fails to raise an issue on direct appeal is barred from raising it in a 2255 Motion). Because the Petitioner did not raise this issue on direct appeal, he is unable to do so now. *King v. United States*, 419 Fed.Appx. 927; *See* Brief for Petitioner, *Brewer v. United States*, WL 1633333 (11th Cir. 2011). Additionally, the Petitioner waived his right to collaterally attack his sentence on these grounds through the plea agreement.

Therefore, this Court is unable to reach this issue on the merits. Nevertheless, upon release, the petitioner may file a Motion for Early Termination of Supervised Relief.

The remaining grounds were waived by the Petitioner in his plea agreement and may not be collaterally attacked. Had they not been waived, excluding the consecutive terms of supervised relief provision, they would have failed on the merits. By way of explanation only, the court will address these issues.

### I. Illegal Sentence

In Grounds Ten, Fifteen, and Sixteen, the Petitioner argues that his sentence is illegal because of disparities in his sentence and those of his co-Defendants. Sentencing courts are required to "avoid unwarranted sentence disparities among defendants with similar records . . . ." 18 U.S.C. § 3553(a)(6). The court may consider an individual defendant's record, conduct, and situation within a case when sentencing. *United States v. Docampo*, 573 F.3d 1091, 1101-1103 (11th Cir. 2009). Here, the Petitioner absconded and remained a fugitive for five years, PSR ¶ 50, was the organizer and leader in both conspiracies, and was the president of the companies that operated the fraudulent schemes, PSR ¶ 47. The Petitioner was also the only defendant to plead guilty to money laundering, the charge with the greatest prison sentence. PSR, pages 3-4. After considering these factors, this Court concluded that the Petitioner's conduct, record, and situation warranted his sentence.

### II. Violation of Plea Agreement

In Grounds Seven and Fourteen, the Petitioner argues that the government violated his plea agreement by inappropriately applying the loss amounts of his cases, thus illegally inflating his prison sentence. The Petitioner claims that the loss amount attributed to him is too high, yet he offers no evidence to support this conclusion. A loss amount of $157,792.14 was applied to the wire fraud and money laundering charges

from North Carolina, PSR ¶ 19, and a loss amount of $32,436,652 was applied to the securities fraud case from Florida, PSR ¶ 29. Both of these amounts were agreed to by the Petitioner in his plea agreements. Doc. cr-13 at 1-3. No other amounts were used by this Court in sentencing. Docs. cr-64 at 2-3, cr-70 at 12-13 (8:02-cr-143); Docs. cr-51 at 2-3, cr-59 at 12-13 (8:03-cr-204). Therefore, the Court concludes that the Government has not violated the plea agreement and that the Petitioner was sentenced appropriately.

## **ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL**

To be successful, a claim of ineffective assistance of counsel must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To be deficient, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* This is a high standard to meet, as it requires the counsel to act in an objectively unreasonable manner. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*). Similarly, counsels are presumed competent, and the accuser must explicitly overcome this presumption with factual evidence to be successful. *United States v. Cronic*, 466 U.S. 648, 658 (1984); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); *Chandler v. United States*, 218 F.3d 1314 n.15.

Furthermore, counsel's deficient conduct must actually prejudice the defendant. *Strickland v. Washington*, 466 U.S. 668. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Id.* Finally, "[t]here is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### III. Consecutive Terms of Supervised Release

In Grounds One, Three, and Four, the Petitioner argues that his counsel was ineffective for failing to argue that consecutive terms of supervised release is plain error. As already discussed, the Petitioner should have been sentenced to concurrent, not consecutive, terms of supervised relief. U.S.C. § 3553(a)(6); *see United States v. Spangler*, 224 Fed. App'x. 891. Neither the Government nor Petitioner's counsel objected. Docs. cr-64 at 2-3, cr-70 at 12-13 (8:02-cr-143); Docs. cr-51 at 2-3, cr-59 at 12-13 (8:03-cr-204). This issue could have been raised on direct appeal, but an ineffective assistance of counsel claim was waived and may not be brought now.

### IV. Grouping of Counts

In Ground Six, the Petitioner argues that his counsel was ineffective for failing to object to the grouping of the Petitioner's offenses for sentencing purposes. In particular, the Petitioner argues that his offenses are unrelated, but he offers no evidence to support this claim. During the Petitioner's November 18, 2010 sentencing hearing, the USSG manual effective November 1, 1998 was used in place of the USSG effective November 1, 2010. PSR ¶ 38. This was done without objection, because the 1998 manual was more favorable to the Petitioner. PSR ¶ 40. The 2010 manual would have resulted in a recommended sentence with a maximum of 240 months, whereas the maximum recommended sentence under the 1998 manual was 188 months. PSR ¶¶ 40, 94-97.

The 1998 manual requires that "closely related counts be grouped" for sentencing. USSG §3D1.1(a)(1). Each of the Petitioner's offenses is explicitly listed in the manual as offenses that should be grouped together, because they "involve the same harm." USSG §3D1.2. Conspiracy to commit wire and mail fraud, USSG §§2F1.1 or 2B1.1, conspiracy to commit securities fraud, USSG §§2F1.1 or 2B1.1, and money laundering, USSG §2S1.1, were properly grouped under the 1998 manual, which provided the best result for the Petitioner. *See* USSG §3D1.2(d); PSR at ¶39. Therefore, because this grouping of offenses was legal and the most advantageous option for the Petitioner, Petitioner's counsel was reasonable in not objecting to it.

### V. Length of Sentence

In Grounds Seven and Eight, the Petitioner argues that his counsel was ineffective for failing to argue that the government breached the plea agreement and that the Petitioner's sentence was too high. As previously discussed, the statutory maximum for the North Carolina case is 60 months for mail fraud and 240 months for money laundering, and the statutory maximum for the Florida case is 60 months for securities fraud. PSR ¶¶ 94-96. In both of his plea agreements, the Petitioner agreed to plead guilty to these counts and to be subject to their maximum penalties at the discretion of this Court. Doc. cr-3 at 1-3.

The guideline imprisonment range used by this Court for sentencing was 151-188 months. PSR ¶ 97. This Court sentenced the Petitioner to 188 months in prison; thus, he did not receive a sentence above the statutory maximum for his offences, and the government did not violate the terms of his plea agreement. Therefore, it was

reasonable of the Petitioner's attorney to not erroneously accuse the government of violating the plea agreements.

## VI. Alleged Failure to Provide Documents and Advice

In Ground Eleven, the Petitioner argues that his counsel was ineffective for failing to provide the Petitioner a copy of his plea agreement, for failing to consult the Petitioner before filing his appellate brief, and for failing to find case law that supports Petitioner's position.

The Petitioner stated in court that he read his plea agreement, understood it, and that his attorney explained it to him. Doc. cr-77 at 54-55, 60 (8:02-cr-143); Doc. cr-65 at 54-55, 60 (8:03-cr-204). The Petitioner has not demonstrated any prejudice from not having a physical copy of the agreement. Likewise, the Petitioner has not shown prejudice from his lack of opportunity to proof read documents filed by his counsel. Finally, he points to no case law that would have changed the outcome of the sentence.

## VII. Sentence Disparity with Co-defendants

In Ground Twelve, the Petitioner argues that his counsel was ineffective for failing to argue that the disparity in the Petitioner's sentence with those of his co-Defendants indicates an illegal sentence.

As already discussed, the disparity between the Petitioner's sentence and that of his co-Defendants is a result of his leadership role in the fraudulent schemes, PSR, ¶ 47, his five year flight and obstruction of justice, PSR, ¶ 50, and his conviction for money laundering, PSR, pages 3-4.

The Petitioner's leadership role in the fraudulent schemes has not been in dispute before the instant 2255 Motion, and he pled guilty to money laundering of his

own volition. Despite being overruled by this Court, Petitioner's counsel did object to the modifications of the sentencing guidelines based upon the Petitioner's obstruction of justice. Doc. cr-64 at 2-3 (8:02-cr-143); Doc. cr-51 at 2-3 (8:03-cr-204). The Petitioner's counsel reasonably objected to the sentencing guidelines when he had a factual basis for doing so, and he did not make unsupported arguments about sentencing discrepancies. Therefore, this Court concludes that the Petitioner's counsel acted reasonably by not introducing the discrepancy issue.

## VIII. Alleged Failure to Explain Rule 20 Transfer

In Ground Thirteen, the Petitioner argues that his counsel was ineffective for failing to explain the effects of consolidating the North Carolina and Florida cases. The Petitioner provides no evidence to suggest how this was prejudicial. In fact, the consolidation of the Petitioner's cases protected him from the possibility of consecutive prison terms, something this Court explicitly mentioned to the Petitioner. Docs. cr-59 at 9-11 (8:03-cr-204), and cr-70 at 9-11 (8:02-cr-143). Thus, even if the Petitioner's allegations are true, his counsel's failure to explain the Rule 20 transfer is not prejudicial.

## IX. Leadership Role

In Ground Seventeen, the Petitioner argues that his counsel was ineffective for failing to argue that the Petitioner was not the leader of the fraudulent conspiracies. The Petitioner admitted the facts in the presentencing report, including that he was the president of the companies involved in the conspiracies, and instructed others how to conduct the fraudulent schemes. PSR ¶47. Petitioner will not be heard now to contradict these facts admitted under oath.

## X. Substantial Assistance

In Ground Eighteen, the Petitioner argues that his counsel was ineffective for failing to argue that the Petitioner cooperated with and provided substantial assistance to the government. Although the Petitioner initially cooperated with the government, he later fled his sentencing hearing and remained a fugitive for five years. PSR ¶¶ 4, 8. This is the antithesis of substantial assistance and cooperation. Petitioner's counsel would have been unreasonable to argue otherwise and was not deficient for avoiding the issue at sentencing.

## XI. Actual Innocence

In Ground Nineteen, the Petitioner argues that he is actually innocent and cites *United States v. Santos* to support this claim. 553 U.S. 507 (2008) (Plurality holding that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956). This issue may only be raised on direct appeal and not through a 2255 Motion. *King v. United States*, 419 Fed.Appx. 927; *See* Brief for Petitioner, *Brewer v. United States*, WL 1633333. Nevertheless, *Santos* is only relevant in the context of illegal gambling and is thus not applicable to the Petitioner. *United States v. Molina*, 413 Fed. App'x 210, 213 (11th Cir. 2011) (Holding that "in contexts other than an unlicensed gambling operation," proceeds includes "receipts as well as profits.") Therefore, Petitioner's contention that he is actually innocent is completely without merit.

In Grounds Twenty and Twenty-one, the Petitioner argues that his counsel was ineffective for failing to rely on *Santos* and for not arguing that the Petitioner was actually innocent during sentencing and on direct appeal. *Santos* does not and cannot stand for the innocence of the Petitioner, because it is only applicable in gambling

cases. *United States v. Santos*, 553 U.S. 507; *United States v. Molina*, 413 Fed. App'x. 213. Therefore, the Petitioner's attorney was reasonable in choosing not to rely upon this case and for not directly contradicting the Petitioner's plea agreement.

## CONCLUSION

It is therefore **ORDERED** AND **ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #4) is **DENIED**, because the grounds were waived.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to **TERMINATE** the motion to vacate found at Dkt. #83 in the underlying criminal case 8:02-cr-143-T-30TGW, and at Dkt. #73 in the underlying criminal case 8:03-cr-204-T-30AEP.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS GRANTED

Petitioner is granted a certificate of appealability on the issue of whether he waived his ineffective assistance of counsel claim for his counsel's failure to object at sentencing to the Court's ordering consecutive terms of supervised release. He is also granted in forma pauperis status for his appeal.

**DONE** and **ORDERED** in Tampa, Florida on this 12th day of June, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-2262.deny 2254.docx